JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE ORDONEZ, et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>COSTCO WHOLESALE, et al.,<br><br>               Defendants. | Case No. 5:23-cv-02018-FLA (KKx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 18]** |

## RULING

On March 13, 2023, Plaintiffs Valerie and Antonio Ordonez ("Plaintiffs") initiated this action against Defendants Costco Wholesale, Costco Wholesale Membership (together, "Costco"), Rick Battistoni (collectively, "Defendants"), and Does 1-100 in the San Bernardino County Superior Court. Dkt. 1, Ex. A ("Compl.").[1] The Complaint asserts two causes of action for negligence and premises liability arising from an accident Valerie Ordonez allegedly suffered while on Defendants' premises. *Id.*

On October 3, 2023, Costco removed the action to this court, alleging subject matter jurisdiction based on diversity under 28 U.S.C. § 1332. Dkt. 1 ("NOR") at 1. On December 4, 2023, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 18.[2] Only Defendants filed a response. Dkt. 19.

Having reviewed the Notice of Removal and Defendants' response to the OSC, the court finds Defendants fail to establish subject matter jurisdiction and REMANDS the action to the San Bernardino County Superior Court.

## DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers listed on documents natively.

[2] Plaintiffs previously filed a Motion to Remand, on November 2, 2023, alleging lack of complete diversity. Dkt. 8. The court subsequently issued an Order to Show Cause regarding amount in controversy, and addresses the existence of subject matter jurisdiction solely on this basis. Plaintiffs' Motion to Remand is, therefore, DENIED as moot.

record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

      Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88-89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendants' burden as the removing parties to justify this court's exercise of jurisdiction. *Id.* at 567.

      As the Complaint does not set forth a specific amount of damages, the amount in controversy cannot be determined on the face of the pleading. *See generally* Compl. In the Notice of Removal, Costco contends the jurisdictional minimum is met because Plaintiffs' responses to Defendants' form interrogatories indicate Valerie Ordonez amassed medical bills totaling $122,654.60. NOR at 3-4. Costco attached Plaintiffs' discovery responses, in which Plaintiffs identify various charges for medical services supposedly attributable to the subject incident. NOR at 16-36. However, Plaintiffs' responses merely list categories of treating entities and individuals, with corresponding monetary amounts. For example, Plaintiffs state:

- Cornejo Chiropractic: $4,136.00

- X-rays: $940.00
- SimonMed Imaging: $7,129.00
- Kenny Hanna: $7,500.00
- Kenneth Light, MD: $1,500.00
- Beverly Hills Surgical Center: $91,049.60

NOR at 23-26. Without more, the court is not able to ascertain the purpose of these charges and whether they were reasonably calculated to reflect actual damages suffered as a result of the alleged accident. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (A statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Romsa v. Ikea U.S. West, Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (internal quotation marks omitted) ("A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction.").

In its response to the OSC, Defendants again refer the court to Plaintiffs' discovery responses, and additionally attach various billing records produced by Plaintiffs. Dkt. 19-3. The nearly 25 pages of documents, however, similarly fail to provide the court with sufficient context to determine the reasonableness of these purported damages. The records span nearly two years and often use indeterminable labels for the treatments at issue, such as "E&M Level 3 EP" (Dkt. 19-3 at 1) or various numbers without further description. *See* Dkt. 19-3 at 4-8 (listing over 75 procedures, labeled solely by different sequences of five numbers each). Absent additional explanation, the court is not able to determine whether the records substantiate Plaintiffs' damages estimates or are reasonably attributable to the accident. *See Romsa*, 2014 WL 4273265, at *2 (remanding action where statement of damages did not explain how plaintiff arrived at the damages claimed); *Schroeder v. Petsmart, Inc.*, Case No. 2:19-cv-01561-FMO (AGRx), 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019) (same).

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendants have not met their burden to demonstrate the amount in controversy meets the jurisdictional threshold by a preponderance of the evidence, as required for diversity jurisdiction. *See* 28 U.S.C. § 1332.

## CONCLUSION

For the foregoing reasons, the court REMANDS the action to the San Bernardino County Superior Court, Case No. CIVSB2306516. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: January 9, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge